The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

|  |  |
|---|---|
| JD INVESTMENT CO, LLC, a Washington limited liability company, direct and derivatively on behalf of AGRIHOUSE, LLC, a Washington limited liability company,<br><br>Petitioner,<br><br>v.<br><br>AGRIHOUSE, INC., a Colorado corporation, and ROBERT J. ATWELL, JR., an individual residing in the State of Florida,<br><br>Respondents. | Civil Action No.: 2:09-CV-00752-RSL<br><br>RESPONDENTS' RESPONSE TO PETITION FOR ARBITRATION<br><br>**NOTE ON MOTION CALENDAR: JUNE 26, 2009** |

Respondents Agrihouse, Inc. and Robert J. Atwell, by and through their attorney, Spencer D. Freeman, hereby submit this Response to Petition for Arbitration, and state as follows:

## I.   <u>SUMMARY OF THE ARGUMENT</u>

The facts of this case are set forth more fully in Respondents' Motion to Dismiss, which is expressly incorporated herein, and the arguments in this Response are duplicative of the

RESPONDENTS' RESPONSE TO PETITION  - 1
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

arguments in Respondent's Motion to Dismiss.  (Dk. No. 3).  As set forth therein, Petitioner JD Investment Co, LLC ("JD Investment") has brought this Petition for Arbitration to force a controversy between what it claims are Class A, Class B-1 and Class B-2 Members and the rights of Agrihouse, LLC itself into arbitration.  Petitioner, however, misstates the Dispute Resolution Section upon which it bases its arbitration petition.  That Dispute Resolution Section states, very clearly, that the Dispute Resolution Section only applies to two kinds of disputes: disputes between *Common Members* (a defined terms in the LLC Agreement meaning holders of Class C membership interests) and *Board Impasses*.  This Court should dismiss the Petition for Arbitration because it attempts to force into arbitration disputes that are clearly outside the plain scope of the Dispute Resolution Provision.

Petitioner attempts to assert the rights of Agrihouse, LLC derivatively, but cannot establish that it has properly complied with Rule 23.1.  The determination that a petitioner has complied with Rule 23.1 is a jurisdictional prerequisite, and therefore must precede any determination under 9 U.S.C. § 4, as § 4 only permits petitions for arbitration in courts that would otherwise have jurisdiction.  If this Court, contrary to the plain language of the Dispute Resolution Provision, finds that the Dispute Resolution Section could even apply to a derivative lawsuit, this Court must address the validity of the LLC Agreement as a whole to determine the control structure of the LLC.  Because the LLC Agreement (attached as **Exhibit A**) as a whole is fatally flawed, incomplete, and nothing but an unenforceable agreement to agree, this Court should dismiss Petitioner's Petition as, once it determines the LLC Agreement is unenforceable, there is nothing for the Parties to arbitrate and the Petition is moot.

Finally, the Dispute Resolution Section is fatally flawed and incorporates non-existent agreements.  Just as the LLC Agreement as a whole requires the execution of an Asset Purchase

RESPONDENTS' RESPONSE TO PETITION  - 2
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

Agreement (which Petitioners concede was never executed), the Dispute Resolution Section, which incorporates the entire LLC Agreement, requires the execution of an Asset Purchase Agreement.  Judge Martinez, addressing the Dispute Resolution Section, has already ruled that "**if the Operating Agreement is unenforceable, the arbitration clause in the Operating Agreement is unenforceable as well.  This Court cannot proceed to enforce the arbitration clause until the validity and enforceability of the agreement as a whole has been determined**."  (Martinez Order, attached as **Exhibit B**.)  Because this Court must address the enforceability of the agreement as a whole, and because the agreement as a whole is unenforceable, this Court should dismiss the Petition for Arbitration.

> II.   **ASSUMING THE LLC AGREEMENT AND THE DISPUTE RESOLUTION SECTION ARE ENFORCEABLE, THE DISPUTE RESOLUTION SECTION DOES NOT APPLY TO THE INSTANT DISPUTE**

Assuming, arguendo, that the LLC Agreement and the Dispute Resolution Section are enforceable, by its plain terms the Dispute Resolution Section simply does not apply in this case. In assessing whether a dispute should be sent to arbitration, the "general rule is that whether and what the parties have agreed to arbitrate is an issue for the courts to decide."  *Gee West Seattle, LLC v. Huling Buick, Inc.*, 146 Wash. App. 1015, *2 (2008)(citing *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546-47, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)).  "To rule that a particular dispute is not arbitrable under an arbitration agreement, the court must be able to say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *Id.* (citing *Local Union No. 77, Int'l Bhd. of Elec. Workers v. Pub. Util. Dist. No. 1,* 40 Wash.App. 61, 65, 696 P.2d 1264 (1958)).

"The duty to arbitrate a dispute arises from the language of the contract itself."  *Id.* (citing *Stein v. Geonerco, Inc.,* 105 Wash.App. 41, 45, 17 P.3d 1266 (2001)).  "An agreement for the

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

submission of a dispute to arbitration defines and limits the issues to be decided." *Id.* (citing *Sullivan v. Great American Ins. Co.,* 23 Wash.App. 242, 246, 594 P.2d 454 (1979)). "Although public policy strongly favors arbitration as a remedy for settling disputes, **arbitration 'should not be invoked to resolve disputes that the parties have not agreed to arbitrate**.'" *Id.* (citing *King County v. Boeing Co.,* 18 Wash.App. 595, 603, 570 P.2d 713 (1977)) (emphasis added). "**It is the duty of the court to determine the meaning of what is written, not what one party intended the writing to mean**." *Id.* (quoting *Stein,* 105 Wash.App. at 48, 17 P.3d 1266) (emphasis added).

**A.      THE DISPUTE RESOLUTION SECTION APPLIES ONLY TO DISPUTES BETWEEN COMMON MEMBERS AND BOARD DEADLOCK**

The Dispute Resolution Section defines the scope of its application in Section 12.13(a): This <u>Section 11.14</u> [sic] shall apply to any dispute arising under or related to this Agreement or the Contribution Agreement (whether arising in contract, tort or otherwise, and whether arising at law or in equity) ***involving Common Members and their affiliate or related parties***, including (i) any dispute regarding the construction, interpretation, performance, validity or enforceability of any provision of this Agreement or the Contribution Agreement or whether any person is in compliance with, or breach of, any provisions hereof or thereof and (ii) the applicability of this <u>Section 11.14</u> [sic] to a particular dispute. ***The provisions of this Section 11.13 [sic] shall also apply if there is a deadlock or impasse at the Board such that the business of the Company is no longer being conducted by the Board due to the failure of Managers to reach agreement on a regular basis on matters coming before it***. Any such deadlock or impasse and any dispute to which this <u>Section 11.14</u> [sic] applies as described above is referred to here in as a "<u>Dispute</u>." The provisions of this <u>Section 11.14</u> [sic] shall be the exclusive method of resolving Disputes.

(Section 12.13, Dispute Resolution Section, attached as **Exhibit A**.)

By its plain language, the Dispute Resolution Section applies in only two cases: (1) where there is a dispute involving Common Members, and (2) to Board deadlock.    JD Investment claims that the instant dispute falls within the first category.  (Petition, Dk. No. 1, ¶ 7; Dec. 15 Dec. of Dori Karjian, ¶ 7, attached as **Exhibit C**; Nov. Petition, ¶ 5, attached as **Exhibit D**.)  This claim fails.

### B.    AS THERE ARE NO COMMON MEMBERS, THE INSTANT DISPUTE DOES NOT INVOLVE COMMON MEMBERS

The Agreement expressly states that the Company shall have <u>four</u> classes of Units, "designated Class A Units, Class B-1 Units, Class B-2 Units, and Common Units each having the rights, privileges and obligations set forth herein."  (**Ex A**, Section 6.1.)  The term "Common Member" is a defined term in the LLC Agreement.  "'<u>Common Member</u>' shall mean, at any time, a Member who holds Common Units."  (**Ex. A**, pg. 4; Declaration of Dori Karjian, ¶¶ 3-5, Dk. No. 1.)  Likewise, the Agreement states that the term "'<u>Class A Member</u>' shall mean, at any time, a Member who holds Class A Units," "'<u>Class B-1 Member</u>' shall mean, at any time, a Member who holds Class B-1 Units," and "'<u>Class B-2 Member</u>' shall mean, at any time, a Member who holds Class B-2 Units."  (<u>Id.</u>)

Assuming, arguendo, that the LLC Agreement is enforceable and that the transfer of membership interests it outlines occurred or should have occurred, Agrihouse, Inc. is a Class A Member, holding eighty percent of the outstanding membership units, JD Investment is a Class B-1 Member, holding ten percent of the outstanding membership units, and Robert J. Atwell is a Class B-2 Member, holding the remaining ten percent of the outstanding membership units. (Agreement, Schedule A, attached as **Exhibit A**; Dec. of Dori Karjian, ¶¶ 3-5, Dk. No. 1.)

RESPONDENTS' RESPONSE TO PETITION  - 5
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

**There are no Common Members as no Common Units are to be issued under the LLC Agreement**.

The instant dispute is between a Class A Member, a Class B-1 Member, and a Class B-2 Member, as well as the Agrihouse, LLC (which is not a member of itself).   No Common Members are in any way involved in this dispute.   Therefore, the instant dispute falls outside of the scope of the Dispute Resolution Section, and the Petition for Arbitration should be dismissed.

### III.     THE PETITION SHOULD BE DISMISSED AS IT FAILS TO COMPLY WITH RULE 23.1

Petitioner has brought the instant action derivatively in an attempt to assert the rights of Agrihouse, LLC to arbitration[1], claiming that demand on the Agrihouse, LLC board of managers would be futile.   To determine the validity of Petitioner's futility claim, it is necessary for this Court to address the validity of the LLC Agreement as a whole, for without such an examination this Court simply cannot determine the nature of Agrihouse, LLC's management structure or asses Petitioner's claim.   Because the LLC Agreement is unenforceable, this Court should dismiss the Petition for Arbitration as moot.

**Whether a party has complied with the pleading requirements of Rule 23.1 is logically antecedent to the issue of whether a court has jurisdiction.**   *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008).   "Pursuant to Rule 23.1, a putative derivative plaintiff can initiate a derivative action only if he or she makes an adequate demand on the Board under the applicable state law."   *Id.*   **This Court must determine that a proper demand was made in order to exercise jurisdiction.**   *Id.*   Rule 23.1 states:

---

[1] Of course, nothing in the Dispute Resolution Section gives Agrihouse, LLC any right to arbitration – the Dispute Resolution Section only gives that right to Common Members and to Board Impasses.

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

**(a) Prerequisites.**  This Rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce.  The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.

**(b) Pleading Requirements.**  The complaint must be verified and must:

(1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

(2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

(3) state with particularity:

(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

(B) the reasons for not obtaining the action or not making the effort.

"Rule 23.1 thus codifies the long-standing requirement that a plaintiff who pursues the extraordinary remedy of a derivative suit make demand upon his corporation's directors." *Johnson v. Hui*, 752 F.Supp. 909, 911 (N.D. Cal. 1990).  "This requirement is not merely a technical pleading hurdle; it is based upon a fundamental tenet of American corporate law that places the responsibility for making decisions in the hands of the board of directors."  *Id.*

As set forth more fully in Respondent's Motion to Dismiss, **it is impossible to assess Petitioner's demand and futility arguments without assessing the validity of the LLC Agreement**.  Therefore, **before this Court can reach the jurisdictional question of whether Petitioner has complied with Rule 23.1, this Court must address the issue of the validity of the LLC Agreement**.  As discussed below, the LLC Agreement was never completed and is unenforceable.  Therefore, this Court should hold that the LLC Agreement is unenforceable and dismiss the Petition for Arbitration as moot, the issue of the enforceability of the LLC Agreement having already been decided.

RESPONDENTS' RESPONSE TO PETITION  - 7
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

## IV.    THE LLC AGREEMENT IS UNENFORCEABLE

It is undisputed that the LLC Agreement calls for the execution of an Asset Purchase Agreement, and it is undisputed that no asset purchase agreement was ever executed.  (LLC Agreement, attached as **Exhibit A**; **Scheduling Order**, attached as **Exhibit F**.)

The core purpose of the LLC Agreement was to effect the transfer of certain intellectual property to Agrihouse, LLC pursuant to the terms of a required Asset Purchase Agreement:

> WHEREAS, Agrihouse, Inc., a Colorado corporation ("Agrihouse"), has developed certain agricultural products (the "Business Products") and the Members have formed the company so that it may develop, market, and sell the Business Products;
>
> WHEREAS, **pursuant** to an asset purchase agreement **to be executed** between Company and Agrihouse, which is incorporated herein by reference (the "Asset Purchase Agreement"), Agrihouse has agreed to sell and Company has agreed to purchase those assets related to, arising from, or necessary for the exploitation and commercialization of the Business Products (the "Intellectual Property").

(See **Exhibit A**) (emphasis added).

The plain language of the LLC Agreement unambiguously requires that the Asset Purchase Agreement define the terms and conditions of the contemplated transfer of certain intellectual property.  Because no Asset Purchase Agreement was executed, no agreement was ever reached as to the terms and conditions of the contemplated transfer of intellectual property.  Therefore, it is black letter law that the LLC Agreement is unenforceable.  "The burden of proving the existence of a contract is on the party asserting its existence.  For a contract to exist, there must be mutual assent to its essential terms." *Jacob's Meadow Owners Assoc. v. Plateau 44 II, LLC*, 162 P.3d 1153, 1165 (Wash. App. 2007); *Geonerco, Inv. v. Grand Ridge Properties,*

RESPONDENTS' RESPONSE TO PETITION  - 8
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

191 P.3d 76, 80 (Wash. App. 2008) ("An enforceable contract requires a 'meeting of the minds' on the essential terms of the parties' agreement"); *State of Washington v. Nason*, 981 P.2d 866, 868 (Wash. App. 1999) ("When there is uncertainty of meaning in the terms of the promise that the court cannot resolve, the promise is fatally ambiguous"); *Sandman v. Sayres*, 314 P.2d 428, 429 (Wash. 1957) ("A supposed promise may be illusory because it is so indefinite that it cannot be enforced"). Therefore, the LLC Agreement, lacking the essential terms and conditions of the contemplated transfer of intellectual property, is unenforceable under either Colorado or Washington law.

The plain language of the LLC Agreement shows the Parties intended for the LLC Agreement to incorporate the still-to-be-executed Contribution Agreement and Asset Purchase Agreement. Indeed, Defendants Answer and Counterclaim admits that the parties "agreed to negotiate the terms of the transfer [sic] certain unique intellectual property." (Pet.'s Ans, attached as **Exhibit G**, ¶ C(2).) Therefore, the LLC Agreement is an unenforceable "agreement to agree." *Keystone Land Development v. Xerox Corp.*, 94 P.3d at 950 ("We adhere to our long standing jurisprudence that agreements to agree are unenforceable"); *Sandman v. Sayres*, 314 P.2d at 429 ("An agreement for an agreement, or, in other words, an agreement to do something which requires a further meeting of the minds of the parties and without which it would not be complete is unenforceable"); *Andrus v. State of Washington*, 117 P.3d 1152, 1154 (Wash. App. 2005) (quoting Restatement (Second) of Contracts § 33: "The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance"). Therefore, because the LLC Agreement represents a promise to come to a future agreement on the terms and conditions of the

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

contemplated transfer of intellectual property, the LLC Agreement is unenforceable under either

Colorado or Washington law as an unenforceable "agreement to agree."

## V.    The Dispute Resolution PROVISION IS Lacking Essential Terms

The case law in both Washington and Colorado makes it clear that contracts that fail to

include essential terms are not enforceable.  *Jacob's Meadow Owners Assoc. v. Plateau 44 II,*

*LLC*, 162 P.3d 1153, 1165 (Wash. App. 2007) ("The burden of proving the existence of a

contract is on the party asserting its existence.  For a contract to exist there must be mutual assent

to its essential terms").  Further, the presence of an open, essential term in a purported agreement

indicates that the proposed agreement is not intended to be understood as offer and acceptance.

*Andrus v. State of Washington*, 117 P.3d 1152, 1154 (Wash. App. 2005) (quoting Restatement

(Second) of Contracts § 33: "The fact that one or more terms of a proposed bargain are left open

or uncertain may show that a manifestation of intention is not intended to be understood as an

offer or as an acceptance").

The Dispute Resolution Section of the LLC Agreement explicitly incorporates the non-

existent Contribution Agreement, as well as the entire LLC Agreement.  Section 12.13(a) of the

LLC Agreement states, "[t]his Section 11.14 [sic] shall apply to any dispute arising under or

related to this Agreement or the Contribution Agreement. . . involving Common Members and

their affiliate or related parties" (Emphasis added).  Further, the Contribution Agreement and the

entire LLC Agreement are specifically incorporated into the defined term "Disputes," which is

used throughout the Dispute Resolution section.  Because the Contribution Agreement and Asset

Purchase Agreements are absolutely necessary in terms of defining the scope of what the Parties

purportedly agreed to arbitrate under the LLC Agreement, the Contribution Agreement and the

Asset Purchase Agreement are essential elements of the Dispute Resolution section.  Applying

RESPONDENTS' RESPONSE TO PETITION  - 10
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

state law contract principles to the Dispute Resolution section as the Supreme Court requires, it is clear that the Dispute Resolution section is unenforceable.   There was no enforceable agreement to arbitrate because there was no agreement on the central subject matter of any arbitration: the Asset Purchase Agreement and the Contribution Agreement.

## VI.   The Dispute Resolution Section is Fatally Uncertain

In addition, Washington state case law make clear that a contract that is not reasonably certain cannot be enforced.  *Zalud v. Boltz*, 102 Wash. App. 1041, n.4 (Wash. App. 2000) (quoting Restatement (Second) of Contracts § 33: "Even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain").  "The concept of certainty pertains to both contract performance and the equitable remedy of specific performance.  **The requirement of certainty inheres in contract formation: a manifestation to be bound cannot be accepted so as to form a binding contact unless the terms of the contract are reasonably certain**." *West v. Wood*, 81 Wash. App. 1045 (Wash. App. 1996) (citing Restatement (Second) of Contracts §33).

Applying Washington state law to the Dispute Resolution section, it is clear that the Dispute Resolution section is unenforceable due to its inherent uncertainty.  Specifically, after defining the term "Dispute" to incorporate <u>both</u> the entire LLC Agreement and the non-existent Contribution Agreement, the Dispute Resolution section of the LLC Agreement states "[t]he provisions of this <u>Section 11.14</u> shall be the exclusive method of resolving Disputes."

Accordingly, given the non-existence of the Contribution Agreement and the non-existence of the Asset Purchase Agreement, there cannot be the requisite certainty as to what the Parties purportedly agreed to arbitrate.  Because the Dispute Resolution section is unfinished,

RESPONDENTS' RESPONSE TO PETITION  - 11
FOR ARBITRATION

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

incomplete, and ambiguous, the Dispute Resolution section is unenforceable *on its own* under Washington law, just as the entire LLC Agreement is unenforceable under Washington law.

Respectfully submitted this 22nd day of June, 2009.

FREEMAN LAW FIRM, INC.

By:_ ___/s/ Spencer D. Freeman_____
    Spencer D. Freeman
    WSBA No. 25069
    FREEMAN LAW FIRM, INC.
    2104 North 30th Street
    Tacoma, WA 98403
    Telephone: 253-383-4500
     Facsimile: 253-383-4501
      sfreeman@freemanlawfirm.org
     Attorney for Respondents Agrihouse, Inc. and
    Robert J. Atwell, Jr.

RESPONDENTS' RESPONSE TO PETITION  - 12
FOR ARBITRATION

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

## CERTIFICATE OF SERVICE

I, Spencer D. Freeman, do hereby certify that on the 22nd day of June 2009, I caused true and correct copies of the following:

1.      Respondents' Response to Petition for Arbitration; and

2.      this Certificate of Service

to be served on:

Michael David Myers and Ryan C. Nute, Myers & Company, P.L.L.C., 1809 Seventh Avenue, Suite 700, Seattle, WA 98101

by filing a copy of the same with the Clerk of the Court using the court's CM-ECF system.  By the terms of their agreement and the rules of the court, they will be served with a copy of the same via the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Seattle, Washington,

DATED this 22nd day of June 2009.

**FREEMAN LAW FIRM, INC.**

By:_s/ Spencer D. Freeman_____
Spencer Freeman
WSBA No. 25069
FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
Telephone: 253-383-4500
Facsimile: 253-383-4501
sfreeman@freemanlawfirm.org
Attorney for Respondents Agrihouse, Inc. and Robert J. Atwell, Jr.

RESPONDENTS' RESPONSE TO PETITION  - 13
FOR ARBITRATION

**FREEMAN  LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)