UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JD INVESTMENT CO., LLC, *et al.*,   )
                Petitioners,   )   No. C09-0752RSL
   v.   )
                   )   ORDER TO SHOW CAUSE
AGRIHOUSE, INC., *et al.*,   )
                Respondents.   )
_____)

This matter comes before the Court *sua sponte*. On May 29, 2009, petitioners filed a petition for order compelling arbitration in this district alleging that the Court has jurisdiction based on the diversity of citizenship of the parties. See 28 U.S.C. § 1332(a) (establishing that the federal court's jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (internal citation omitted). In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In the petition to compel arbitration, petitioners allege that "JD Investment Co.,

ORDER TO SHOW CAUSE

LLC and Agrihouse, LLC are limited liability companies organized under the laws of the State of Washington, with the principle places of business in the State of Washington" and that "Respondent Agrihouse, Inc. is a citizen of the State of Colorado and Respondent Robert J. Atwell, Jr. is a citizen of the State of Florida." Dkt. # 1 at 3. Petitioners fail to allege the citizenship of each owner/member of the petitioner-entities and therefore have failed to meet their burden of establishing the basis of the Court's jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts"); Fed R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). In addition, the Limited Liability Company Agreement attached as Exhibit A to the petition suggests that complete diversity does not exist because one or both of the respondents is an owner/member of petitioner Agrihouse, LLC.

For all of the foregoing reasons, petitioners are hereby ORDERED TO SHOW CAUSE why the Court should not dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). Petitioners shall, within fourteen days of the date of this Order, provide the Court with the citizenship of all of the owners/members of JD Investment Co., LLC and Agrihouse, LLC at the time the complaint was filed. The Clerk of the Court is directed to place this order to show cause on the Court's calendar for Friday, August 14, 2009. The pending "Petition for Order Compelling Arbitration" (Dkt. # 1) and "Respondents' Motion to Dismiss Petitioners' Petition for Arbitration" (Dkt. #5) shall be renoted for Friday, August 14, 2009.

Dated this 31st day of July, 2009.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge