UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                         )
JD INVESTMENT CO., LLC, *et al.*,        )
                                                         )   No. C09-0752RSL
                           Petitioners,         )
          v.                                            )
                                                         )   ORDER COMPELLING
AGRIHOUSE, INC., *et al.*,                 )   ARBITRATION
                                                         )
                           Respondents.    )
_____)

This matter comes before the Court on JD Investment Co., LLC's "Petition for Order Compelling Arbitration" (Dkt. # 1)[1] and "Respondents' Motion to Dismiss" (Dkt. # 5). Petitioner seeks to enforce the arbitration provision in the Limited Liability Company Agreement of Agrihouse, LLC (dated June 2, 2008). Respondents maintain that the LLC Agreement, including the arbitration provision, is unenforceable under Washington law and that the parties did not agree to arbitrate this dispute. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

Pursuant to the Federal Arbitration Act, a written agreement to arbitrate a dispute

---

[1] On September 17, 2009, the derivative claims filed on behalf of Agrihouse, LLC were dismissed. Dkt. # 18.

[2] On September 30, 2009, respondents filed a motion to supplement their reply, arguing that the dismissal of the derivative claims filed on behalf of Agrihouse, LLC, directly affects the interpretation of the arbitration provision. The Court has taken into consideration Agrihouse, LLC's lack of participation in this litigation and respondents' arguments in Dkt. # 19 and Dkt. # 23. No further briefing is warranted.

ORDER COMPELLING ARBITRATION

"shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  To determine whether an arbitration provision is legally and equitably valid, courts apply state law principles governing the formation of contracts.  Lowden v. T-Mobile USA, Inc., 512 F.3d 1213, 1217 (9th Cir. 2008).  Whether the parties have agreed to refer a particular matter to arbitration is generally an issue for judicial determination "unless the parties clearly and unmistakably provide otherwise."  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002).

For the reasons set forth in Chief Judge Wiley Y. Daniel's opinion in a related action in the District of Colorado, the Court finds that (1) the material terms of the arbitration provision are reasonably certain and enforceable under Washington law and (2) whether this dispute is arbitrable is itself subject to arbitration.  Agrihouse, Inc. v. JD Investment Co., LLC, C08-2404-WYD-MJW (D. Colo., April 16, 2009).  Respondents argue that their challenge to the validity of the LLC Agreement is not subject to arbitration because it does not involve a dispute between Common Members, as that term is defined in the Agreement.  Assuming this argument was not waived in the Colorado litigation, there is evidence that the Board of Agrihouse, LLC has ceased functioning such that the business of the new company is no longer being conducted.  Response, Ex. C at ¶ 6.  The arbitration provision clearly applies in such circumstances.  LLC Agreement at ¶ 12.14(a).  To the extent there are fact issues regarding whether the nature and activities of the Board justify a finding of "impasse," the parties agreed that disputes regarding the construction, interpretation, and enforceability of the arbitration provision should be resolved in arbitration.

For all of the foregoing reasons, the petition for order compelling arbitration is GRANTED and respondents' motion to dismiss is DENIED.  Respondents' motion to supplement reply (Dkt. # 19) is also DENIED.  The Clerk of Court is directed to enter judgment in favor of petitioner and against respondents.

Dated this 13th day of October, 2009.

*MWT S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER COMPELLING ARBITRATION               -3-